# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JOHN BRILEY                                                    PETITIONER


v.                          NO. 5:07CV00249 WRW/HDY


LARRY NORRIS, Director of the                                 RESPONDENT
Arkansas Department of Correction


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States
District Judge William R. Wilson, Jr.  Any party may serve and file written objections to
these findings and recommendation.  Objections should be specific and should include
the factual or legal basis for the objection.  If the objection is to a factual finding,
specifically identify that finding and the evidence that supports your objection.  An
original and one copy of your objections must be received in the Office of the United
States District Court Clerk no later than eleven (11) days from the date of the findings
and recommendation.  The copy will be furnished to the opposing party.  Failure to file
timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS.   Liberally construing the pro se submissions of petitioner John Briley ("Briley"), it appears that the following occurred:

1. In June of 1999, Briley engaged in acts that caused Pulaski County, Arkansas, law enforcement officials to charge him in case number 1999-3175 ("1999-3175") with several criminal offenses.

2. In January of 2001, he engaged in acts that caused Pulaski County, Arkansas, law enforcement officials to charge him in case number 2001-1134 ("2001-1134") with several criminal offenses.

3. In March of 2001, he was arrested by Union County, Arkansas, law enforcement officials and charged in case number 2001-0292 ("2001-0292") with several criminal offenses.

4. In August of 2001, a Pulaski County, Arkansas, Circuit Court jury convicted him of the charges in 1999-3175 and sentenced him to a period of confinement in the custody of respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction ("ADC").

5. In December of 2001, Briley entered the ADC and began serving the sentence imposed in 1999-3175.

6. In May of 2002, he pleaded guilty to the charges in 2001-1134 and was sentenced to a period of confinement in Norris' custody.

7. For some reason not clear from the record, the final disposition of the Union County, Arkansas, charges in 2001-0292 was delayed or otherwise postponed for an extended period of time.

8. In May of 2006, or more than five years after Briley was arrested by Union County, Arkansas, law enforcement officials on the charges in 2001-0292, he pleaded no contest to several of the charges in 2001-0292.

9. He alleges in the petition at bar that he pleaded no contest to several of the charges in 2001-0292 after receiving a promise from the attorney representing the State of Arkansas.

10. The promise allegedly involved the length of time Briley would be required to serve on the charges in 2001-0292, specifically, that the sentence in 2001-0292 would run concurrent with his other sentences and would not extend his parole eligibility/transfer date passed that what was already established.

11. He alleges in the petition at bar that the aforementioned promise was not contained in the initial Judgment and Commitment Order in 2001-0292.

12. For some reason not clear from the record, a Judgment and Commitment Order in 2001-0292 was not entered on the Union County, Arkansas, Circuit Court docket for another fifteen months.

13. In the intervening months, Briley filed a series of post-plea motions in 2001-0292, one of which was his request to withdraw his guilty plea.

-4-

14. It does not appear that the post-plea motions were addressed by the presiding state trial court judge before the Judgment and Commitment Order was eventually entered on the Union County, Arkansas, Circuit Court docket.

15. In June of 2007, the state parole board granted Briley his release on parole.

16. Although it is not clear from the record, it appears that the parole was granted with regard to 1999-3175 and 2001-1134.

17. The parole could not have been granted with regard to 2001-0292 because a Judgment and Commitment Order in that case had not yet been signed and docketed in Union County, Arkansas, or received by a representative of the ADC.

18. It appears that Briley was not released on parole because Union County, Arkansas, authorities had allegedly placed a "hold" on him.

19. In August of 2007, he commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.

20. Later that month, the presiding state trial court judge signed a Judgment and Commitment Order in 2001-0292.[1]

21. In January of 2008, the presiding state trial court judge signed a First Amended Judgment and Commitment Order in 2001-0292, nunc pro tunc to May of 2006.

---

[1]

Not long after the August of 2007 Judgment and Commitment Order was entered on the Union County, Arkansas, Circuit Court docket, Briley filed at least two post-judgment motions in 2001-0292. It does not appear that the motions were addressed by the presiding state trial court judge. See Document 9, Exhibit 7.

22. In February of 2008, the presiding state trial court judge signed a Second Amended Judgment and Commitment Order in 2001-0292.

FEDERAL COURT PROCEEDINGS.  Briley advanced two claims in his petition for writ of habeas corpus.  First, he alleged that a Judgment and Commitment Order had never been entered in 2001-0292 and the "hold" placed on him by Union County, Arkansas, authorities was in violation of his Constitutional rights.  Second, he alleged that ADC officials were impermissibly holding him because Union County, Arkansas, authorities placed the "hold" on him by means of a telephone call and not a written document, which violated his Constitutional rights.

Norris thereafter filed a response to Briley's petition.  Norris maintained that a Judgment and Commitment Order had finally been entered in 2001-0292, and it governed the manner in which Briley's sentence was to be served.  Norris maintained that the petition should be dismissed without prejudice because Briley had state remedies available to him that he had not exhausted.  Norris specifically maintained the following:

> [Briley] pled no-contest on May 12, 2006.  …  Under Rule 26.1 of the Arkansas Rules of Criminal Procedure, he could move to withdraw that plea anytime before entry of judgment.  The Judgment and Commitment Order was not signed by the judge until August 31, 2007.  …  [Briley] filed a motion to withdraw his plea on August 10, 2007.  …  Clearly, he has currently pending in the trial court the very motion permitted under Rule 29.1.

See Document 9 at 3-4.

-6-

Briley next filed two noteworthy pleadings.   He first filed a reply in which he clarified the following:

> When petitioner eventually did receive a judgment and commitment order [in 2001-0292] on October 25, 2007, … he learned his commitment basically acts as a consecutive sentence, that he did not receive all the time credited, 5 years and 47 days he was promised and understood he'd receive prior to making an agreement to enter a plea of nolo contendere and his sentence promised would not extend past his 9-6-07 release date.

See Document 10 at 8.

Briley also filed an amended petition for writ of habeas corpus, a submission in which he advanced a new claim.  He maintained that ADC officials continued to hold him despite the terms of the First Amended Judgment and Commitment Order in 2001-0292. He submitted a copy of the First Amended Judgment and Commitment Order in 2001-0292; it contained the following terms:

> State's motion to nolle pros count #5 forgery and count #6 criminal possession of a forgery device.  Motion is granted.  Time is to be served concurrent with time being served out of Pulaski County.  This 1st Amended Judgment and Commitment Order in the Circuit Court [of] Union County, Arkansas, … is nunc pro tunc back to May 12, 2006.  Thus, the defendant John Briley, is to be given credit [for] 1,877 days [of] jail time served on this charge, said jail time having begun on March 26, 2001.  Thus, in the opinion of this court, as of the 18th day of January, 2008, John Briley will have served six (6) years, 258 days of the maximum ten (10) year sentence received on counts 1, 2, and 3.

See Document 11, Exhibit 9 at 4.

Norris therefore filed an answer to Briley's amended petition.  In the submission,

Norris alleged the following:

> [Briley] pled no-contest on May 12, 2006 to the charges for which he is currently in [Norris'] custody.  ...  However, the Judgment and Commitment Order reflecting that plea was not signed until August 31, 2007.  [Briley] filed a motion, under Rule 26.1 of the Arkansas Rules of Criminal Procedure, to withdraw his plea on August 10, 2007. ...  He has dismissed that and other motions in the Circuit Court of Union County, in return the court entered the sentences reflected in the "2nd Amended Judgment and Commitment Order" dated February 25, 2008. ...  [Briley] is currently incarcerated under a sentence he agreed to, and under which he will be eligible for consideration of transfer to the Department of Community Corrections on March 21, 2008.  Whether he is granted a transfer and a release on parole is not within the authority of [Norris] but rather the Post-prison Transfer Board.
>
> ...
>
> These allegations of constitutional violations are also not exhausted because [Briley] has a state remedy.  An individual has a right, pursuant to the Arkansas Civil Rights Act of 1993 ..., to seek redress in the Arkansas state courts for a deprivation, at the hands of state actors, of any right secured by the Arkansas Constitution.  ...  The Arkansas Constitution protects an individual's right[] to due process.

See Document 16 at 3-4.  Norris also submitted a copy of the Second Amended Judgment

and Commitment Order in 2001-0292; it contained the following terms:

> State's motion to nolle pros count #5 forgery and count #6 criminal possession of a forgery device.  Motion is granted.  Time is to be served concurrent with time being served out of Pulaski County.

See Document 16, Exhibit II at 4.

Briley next filed a series of pleadings, most of which related to his attempt to file a second amended petition.  His attempt was eventually denied because his proposed amended petition involved claims of harassment and/or retaliation by ADC employees, claims that are not cognizable in a proceeding pursuant to 28 U.S.C. 2254.[2]

The undersigned then examined the record in this proceeding, giving particular attention to Norris' assertion that Briley has not exhausted his state remedies.  Although Norris maintained that Briley has an available state remedy in the form of a proceeding in state court pursuant to the Arkansas Civil Rights Act ("Act"), the undersigned confessed some doubt as to whether he can prosecute the claims at bar in such a proceeding.  Given that doubt, the undersigned assumed without deciding that the Act is not an appropriate means by which he can prosecute his claims.  It appeared, however, that Briley had never raised his claims in state court and obtained a ruling on the merits.  For that reason, the undersigned had some question whether the claims are procedurally barred from federal court review.  Before giving serious consideration to the question of procedural bar, the undersigned invited Briley to explain why his petition should not be dismissed.  He was instructed to address whether he raised the claims in state court and obtained a ruling on the merits and, if he failed to do so, why he failed to do so.

---

[2]

One of his submissions is noteworthy.  In it, he alleged that there were actually four Judgment and Commitment Orders in 2001-0292, the fourth one being an unsigned and undated <u>Nunc</u> <u>Pro</u> <u>Tunc</u> First Amended Judgment and Commitment Order.  <u>See</u> Document 17, Exhibit 1.

Briley accepted the invitation by filing a response.  In the response, he maintained that he raised the claims at bar in the state trial court but they were never addressed by the presiding state trial court judge.  Briley maintained that he attempted to appeal the "non-rulings" of the presiding state trial court judge, but Briley's attempts were rebuffed because the state appellate courts "would not accept pleadings absent a final ruling."  <u>See</u> Document 38 at 1.

<u>THE CLAIMS AT BAR</u>.  The undersigned initially construed Briley's submissions to contain a number of claims.  Upon closer examination of his submissions, but still liberally construing them, it appears that his only viable claims are as follows: (1) the "hold" Union County, Arkansas, authorities placed on him was in violation of his Constitutional rights, and (2) ADC officials continue to hold him despite the terms of the First and Second Amended Judgment and Commitment Orders in 2001-0292.  For the reasons that follow, any other claims are moot or are otherwise without merit.

First, it initially appeared that Briley was challenging his plea of no contest in 2001-0292 because his plea was built upon a promise that was never kept or otherwise reflected in a Judgment and Commitment Order, <u>i.e.</u>, his sentence in 2001-0292 would be concurrent with the sentences from Pulaski County, Arkansas.  The amended Judgment and Commitment Orders in 2001-0292, though, provide that the sentence in that case is to be served concurrent with the sentences from Pulaski County, Arkansas.  Thus, that claim is moot.

Second, it initially appeared that Briley was challenging his plea of no contest in 2001-0292 because he had a viable defense to the underlying charges.  The undersigned knows of no authority permitting a challenge to a plea of no contest on the ground that the petitioner had a viable defense to the charges.  Thus, that claim is without merit.

Third, one or more of Briley's claims touched on the failure of Union County, Arkansas, authorities to enter a Judgment and Commitment Order in 2001-0292.  Several Judgment and Commitment Orders have now been entered in that case.  Thus, that portion of his claim(s) is moot.

Last, Briley appeared to maintain that the entry of the amended Judgment and Commitment Orders in 2001-0292, although ministerial acts, were tantamount to re-sentencings.  The undersigned knows of no support for such a proposition, and he has cited none.  Thus, that claim is without merit.

EXHAUSTION.   Having identified Briley's claims, the undersigned has again reflected upon the exhaustion question raised by Norris, specifically, that Briley has an available state remedy in the form of a proceeding in state court pursuant to the Act.[3] The undersigned continues to harbor some doubt as to whether he can prosecute his claims in such a proceeding.  Given that doubt, the undersigned assumes that the Act is not an appropriate state procedure by which he can prosecute his claims.

---

[3]

The undersigned accepts Norris' assertion that Briley has dismissed his motion to set aside his plea of no contest in 2001-0292.  That motion will not be considered in determining whether he has an available state remedy.

The undersigned is aware, though, of another state procedure, i.e., a request for declaratory judgment and writ of mandamus.  It is a procedure whereby a state prisoner may challenge the execution and/or computation of his sentence.  For the reason that follows, the undersigned is convinced that Briley can utilize that procedure even now and, in fact, must utilize the procedure in order to exhaust his state remedies.

The exhaustion doctrine is codified at 28 U.S.C. 2254(b) and (c).[4]  Paragraph (b) provides, with two exceptions, that a petition for writ of habeas corpus shall not be granted unless it appears that "the [petitioner] has exhausted the remedies available in the courts of the State ..."  Paragraph (c) provides that "a [petitioner] shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [28 U.S.C. 2254], if he has the right under the law of the State to raise, by any available procedure, the question presented."  The foregoing requirements, though, are not construed so as to require the filing of repetitious or futile requests for relief in state court.  See Rodgers v. Wyrick, 621 F.2d 921 (8th Cir. 1980).  In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him."  See Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).

---

[4]

"The doctrine of exhaustion prescribes that 'as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" See Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) [quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)]. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims many be vindicated and unfounded litigation obviated before resort to federal court." See Id.

As the undersigned noted above, the State of Arkansas has a procedure whereby a state prisoner may challenge the execution and/or computation of his sentence. The procedure, i.e., a request for declaratory judgment and writ of mandamus, has been used by state prisoner to, inter alia, challenge release decisions made by ADC officials. See Michalek v. Lockhart, 292 Ark. 301, 730 S.W.2d 210 (1998); St. John v. Lockhart, 286 Ark. 234, 691 S.W.2d 148 (1985); Bargo v. Lockhart, 279 Ark. 180, 650 S.W.2d 227 (1983).

The undersigned knows of no reason why Briley cannot raise the claims at bar in a request for declaratory judgment and writ of mandamus and, if the claims are found to be meritorious, why relief cannot be granted. His claims involve release decisions by ADC officials, specifically, their decision to honor the "hold" placed on him by Union County, Arkansas, authorities, and the decision of ADC officials to continue to hold him despite the terms of the First and Second Amended Judgment and Commitment Orders in 2001-0292. The State of Arkansas surely has the primary interest in seeing that the Judgment and Commitment Orders entered in its trial courts are construed correctly by its prison officials. The State of Arkansas should therefore be accorded the first opportunity to review the manner in which one of its Judgment and Commitment Orders is construed its prison officials.[5]

---

[5]

The exhaustion requirement is capable of being waived because of futility. Briley has not shown, however, that special circumstances exist to negate the exhaustion requirement, and the undersigned knows of none.

RECOMMENDATION.  On the basis of the foregoing, the undersigned recommends that the petition at bar be dismissed because Briley has a state procedure available to him that he never used to prosecute his claims.  The dismissal his petition, though, should be without prejudice.  Judgment should be entered for Norris.

DATED this ___5___ day of August, 2008.


_____

UNITED STATES MAGISTRATE JUDGE